Appeal No. 23-13063-F

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## JOHN DOE,

(Plaintiff/Appellant),

v.

## FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES,

(Defendant/Appellee).

_____

**An Appeal from the United States District Court
for the Middle District of Florida, Fort Myers Division**

**District Court Docket No. 2:23-cv-245-FtM-SPC-KCD**

_____

## APPELLEE'S ANSWER BRIEF

_____

SACHA DYSON
Florida Bar No.: 509191
KEVIN M. SULLIVAN
Florida Bar No. 1003812
Bush Graziano Rice & Hearing, P.A.
100 South Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
Email:sdyson@bgrhlaw.com;
ksullivan@bgrhlaw.com
Attorneys for Appellee

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure, as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party:

1. Buckman & Buckman, P.A., counsel for Plaintiff/Appellant;

2. Bush Graziano Rice & Hearing, P.A., counsel for Defendant/Appellee;

3. Castellano, II, Nicholas J., counsel for Plaintiff/Appellant;

4. Chappell, Sheri Polster, United States District Judge, Middle District of Florida;

2. Doe, John, Plaintiff/Appellant;

3. Dudek, Kyle C., United States Magistrate Judge, Middle District of Florida

4. Dyson, Sacha, counsel for Defendant/Appellee;

5. Florida Gulf Coast University, Board of Trustees; Defendant/Appellee;

6. Griffith, Kevin M., counsel for Plaintiff/Appellant;

7. McIntosh Law, counsel for Plaintiff/Appellant

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to Appellee or their counsel has any current interest in the outcome of this matter.

# PRELIMINARY STATEMENT

For purposes of this appeal, Appellant, John Doe, the Plaintiff below, will be referred to as "Doe." Appellee, Florida Gulf Coast University Board of Trustees, the Defendant below, will be referred to as "the University" or alternatively "FGCU." In addition, pursuant to Federal Rule of Appellate Procedure 28(e) and Eleventh Circuit Rule 28-1 and 28-5, entries on the District Court's docket will be referred to as "(short name of document (R[docket number]: [page, paragraph, exhibit number, or Bates stamp number]))," e.g., (Compl. (R1: 9)), (Compl. (R1: ¶ 9)), or (Compl. (R1: Ex. A)). References to documents will refer to the original page numbers of such documents. References to Appellants' filings in this Court will be to the "Initial Brief" (ECCA ECF # 19).

## STATEMENT REGARDING ORAL ARGUMENT

FGCU does not request oral argument in this case. The issues raised in this appeal can be resolved by reference to the briefing before this Court and its review of the pleadings below. FGCU asserts that oral argument is unnecessary because the issues have been authoritatively decided and the facts and legal arguments are adequately presented in the briefs and record. While Doe requests oral argument based on a citation to a law review article, which is not precedent, it is notable that Doe has not filed a civil appeal statement as required by the Court's civil docketing notice and Rule 33-1. FGCU maintains that oral argument will not aid significantly in the decisional process in this case, and should be denied.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS .....................................................C-1

PRELIMINARY STATEMENT .............................................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................II

TABLE OF CONTENTS.........................................................................................III

TABLE OF AUTHORITIES ..................................................................................V

STATEMENT OF JURISDICTION.......................................................................1

STATEMENT OF ISSUES .....................................................................................2

STATEMENT OF THE CASE AND STATEMENT OF THE FACTS..................3

    I.      Nature of the Case ...................................................................3

    II.     Course of Proceedings...............................................................3

    III.    Statement of Facts ....................................................................8

    IV.    Standard of Review ..................................................................10

SUMMARY OF THE ARGUMENT ......................................................................12

LEGAL ARGUMENT.............................................................................................14

    I.      The Federal Rules of Civil Procedure Permit Anonymous
           Litigation Only in Exceptional Cases, Which Doe Failed to
           Show ..........................................................................................14

    II.     The District Court Did Not Abuse Its Discretion in Concluding
           that Doe Failed to State a Compelling Privacy Interest or Risk
           of Actual Harm to Justify the Rare Allowance of Anonymous
           Litigation .................................................................................18

A. Challenging Government Activity Did Not Weigh in Favor of Anonymous Litigation..............................................18

B. Doe Will Not Be Required to Disclose Information of the Utmost Intimacy......................................................................20

C. Doe Failed to Show that He Will Be Compelled to Admit His Intention to Engage in Illegal Conduct and Thus Risk Criminal Prosecution ...............................................................28

D. The Public, the Court, and the University and Its Employees Are Prejudiced by Anonymous Litigation ............29

E. No Other Circumstances Support Anonymous Litigation.......31

F. Doe Waived Any Argument Regarding the Protection of Roe as a Basis for Proceeding Anonymously..........................35

CONCLUSION ........................................................................................37

CERTIFICATE OF TYPE SIZE AND STYLE ......................................38

CERTIFICATE OF COMPLIANCE .......................................................39

CERTIFICATE OF SERVICE ...............................................................40

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

Bonner v. City of Prichard,
661 F.2d 1206 (11th Cir. 1981) ............................................................. 14

Davis v. Monroe Cnty. Bd. of Educ.,
526 U.S. 629 (1999) ............................................................................. 27

Day v. Taylor,
400 F.3d 1272 (11th Cir. 2005) ............................................................... 4

Doe #1-#14 v. Austin,
No. 3:21-CV-1211-AW-HTC, 2021 WL 10395929
(N.D. Fla. Dec. 1, 2021) ................................................................... 19, 21

Doe v. Del Rio,
241 F.R.D. 154 (S.D.N.Y. 2006) ........................................................... 22

Doe v. Embry-Riddle Aeronautical Univ., Inc.,
No. 6:20-cv-1220-WWB-LRH (M.D. Fla. August 11, 2020) ........................ 25, 26

* Doe v. Frank,
951 F.2d 320 (11th Cir. 1992) ............................................. 6, 14-15, 17-19, 22, 34

Doe v. Neverson,
820 F. App'x 984 (11th Cir. 2020) ................................................... 33, 34

Doe v. Megless,
654 F.3d 404 (3d Cir. 2011) ................................................................. 34

Doe v. Ocean Reef Cmty. Ass'n,
No. 19-10138-CIV, 2019 WL 5102450 (S.D. Fla. Oct. 11, 2019) ................. 22

Doe v. Rider Univ.,
No. 16-4882 (BRM), 2018 WL 3756950 (D.N.J. Aug. 7, 2018) ................... 23

Doe v. Rollins College,
6:18-cv-1069-Or1-37KRS, 2018 WL 11275374
(M.D. Fla. Oct. 2, 2018)................................................................. 25, 26

Doe v. Samford Univ.,
No. 2:21-CV-00871-ACA, 2021 WL 3403517
(N.D. Ala. July 30, 2021)...............................................................23, 25

Doe v. Shakur,
164 F.R.D. 359 (S.D.N.Y. 1996) ......................................................... 22

* Doe v. Sheely, 781 F. App'x 972 (11th Cir. 2019)............................22, 25, 32, 36

Doe v. Smith,
429 F.3d 706 (7th Cir. 2005) ........................................................ 14, 30

Doe v. Spring Hill Coll.,
No. 23-00340-JB-N, 2023 U.S. Dist. LEXIS 219799
(S.D. Ala. Dec. 11, 2023)..................................................................... 23

* Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981)......................................14, 19, 21, 35

Doe v. Temple Univ.,
No. CIV.A. 14-04729, 2014 WL 4375613
(E.D. Pa. Sept. 3, 2014)....................................................................... 24

Doe v. Univ. of St. Thomas,
No. 16-cv-1127-ADM-KMM, 2016 WL 9307609
(D. Minn. May 25, 2016) .................................................................... 26

Doe v. University of Southern Alabama,
No. 17-0394-CG-C, 2017 U.S. Dist. LEXIS 145587
(S.D. Ala. Sep. 8, 2017) ...................................................................... 25

Doe v. Valencia Coll.,
No. 615CV1800ORL40DAB, 2015 WL 13739325
(M.D. Fla. Nov. 2, 2015) ................................................................ 19, 23

Doe v. Weber State Univ.,
No. 1:20-CV-00054-TC-DAO, 2021 WL 5042849
(D. Utah Oct. 29, 2021)............................................................... 23

F.B. v. E. Stroudsburg Univ.,
No. 3:09CV525, 2009 WL 2003363 (M.D. Pa. July 7, 2009)............................... 24

Harapeti v. CBS Television Stations, Inc.,
No. 20-CV-20961, 2021 WL 1341524 (S.D. Fla. Apr. 9, 2021).......................... 34

Horne v. Potter,
392 F. App'x 800 (11th Cir. 2010)............................................................. 4

In re Clerici,
481 F.3d 1324 (11th Cir. 2007) ............................................................. 10

In re Rasbury,
24 F.3d 159 (11th Cir. 1994) ................................................................ 11

Luckett v. Beaudet,
21 F. Supp. 2d 1029 (D. Minn. 1998)...................................................... 35

Macklin v. Singletary,
24 F.3d 1307 (11th Cir. 1994) ....................................................... 10, 26

Nat'l Commodity & Barter Ass'n v. Gibbs,
886 F.2d 1240 (10th Cir. 1989) ............................................................. 34

* Plaintiff B v. Francis,
631 F.3d 1310 (11th Cir. 2011) ......................................... 1, 6, 7, 10, 14, 17, 21, 31

Qualls v. Rumsfeld,
228 F.R.D. 8 (D.D.C. 2005)................................................................. 34

Rapp v. Fowler,
537 F. Supp. 3d 521 (S.D.N.Y. 2021) ................................................... 30

Roe v. Aware Woman Center for Choice, Inc.,
253 F.3d 678 (11th Cir. 2001) ............................................................. 21

United States v. Frazier,
387 F.3d 1244 (11th Cir. 2004) .............................................................. 10

United States v. Whatley,
719 F.3d 1206 (11th Cir. 2013) .............................................................. 11

## **Statutes**

20 U.S.C. § 1681(a) ................................................................................ 5

42 U.S.C. § 1983 .................................................................................... 5

## **Rules**

\* Fed. R. Civ. P. 10(a).................................................................. 12, 14, 36

Fed. R. Civ. P. 17(a)(1).......................................................................... 14

Middle District Local Rule 1.11 ............................................................ 30

## STATEMENT OF JURISDICTION

This Court has jurisdiction over the district court's order pursuant to 28 U.S.C. § 1291 because an "order denying anonymity for a party is a final appealable order under the collateral order doctrine." <u>Plaintiff B v. Francis</u>, 631 F.3d 1310, 1314 (11th Cir. 2011).

## STATEMENT OF ISSUES

Whether the district court abused its discretion in denying Doe's Motion to Proceed Anonymously. (Order (R. 29)).

## STATEMENT OF THE CASE AND STATEMENT OF THE FACTS

## I.     Nature of the Case

This is an appeal of the district court's order denying Doe's Motion to Proceed Anonymously. (Order (R. 29)).  Doe's Complaint raises claims challenging the University's actions in investigating a claim of sexual harassment made against him by another student, Jane Roe.  Doe moved to proceed anonymously "up to the point of trial." (Motion (R. 21)).  The district court denied the Motion because Doe did not overcome the presumption of public access to court proceedings.  (Order (R. 29)).  Specifically, the district court reviewed the totality of the circumstances and engaged in the balancing test set forth by the Eleventh Circuit.  (Id.).  The court determined that none of the circumstances presented by Doe weighed in favor of granting anonymity.  (Id.).  The court concluded—"This just is not one of those 'exceptional cases' that warrant such treatment." (Order (R. 29: 9)).  Doe is now seeking review of that order denying the Motion.  For the reasons set forth below, the district court did not abuse its discretion in denying Doe's Motion to Proceed Anonymously.

## II.    Course of Proceedings

On February 11, 2021, Doe filed a petition for writ of certiorari in the Circuit Court for the Twentieth Judicial Circuit, Lee County.  (Compl. (R1: ¶ 61)).  The Petition purported to challenge the University's decision to discipline Doe for

violating its policy by subjecting a fellow student, "Jane Roe," to non-consensual sexual activity. (Motion to Dismiss (R. 14: Ex. 1 at 2)). Doe alleged that the University did not afford him procedural due process and failed to follow the essential requirements of law. (See Motion to Dismiss (R. 14: Ex. 1)).[1] Specifically, he plead that he was denied due process when the University failed to apply updated Title IX procedures to his case, which went into effect just after the disciplinary action in this case was commenced; that he was denied due process when he was denied the right to cross-examine Jane Roe; that he was denied due process when the University failed to complete its investigation within sixty days; and that the University failed to follow the essential elements of the law by misapplying its own policies when it determined that Jane Roe could not consent because she was "intoxicated," as opposed to "incapacitated." (Id.).

On January 19, 2023, the state court denied Doe's Petition, concluding that the University did not fail to afford Doe with the requisite level of constitutional due process necessary in a student disciplinary case, that the circumstances of this case reasonably fell within the policy's definition of non-consensual sexual activity, that

---

[1] The Court may consider and take judicial notice of the documents relating to Doe's petition. These documents are public records of the court, they are generally referred to in the Complaint, and the documents are central to Plaintiff's claims. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010).

the University did not depart from the essential requirements of the law by misapplying the definition of consent, and that there was competent substantial evidence to support the University's decision.  (See Motion to Dismiss (R. 14: Ex. 2).

On April 6, 2023, Doe filed the Complaint against the University.  (Compl. (R. 1)).  Doe alleged violations of procedural due process rights pursuant to 42 U.S.C. § 1983; a violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a); and breach of contract.  (Id.).

On May 30, 2023, the University moved to dismiss the Complaint.  (Motion to Dismiss (R. 14)).  Specifically, the University argued that the Complaint was barred by Eleventh Amendment immunity, res judicata, and collateral estoppel. (Id.).  The University further argued that Doe failed to plead facts to establish plausible claims.  (Id.).  Finally, the University argued the Complaint should be dismissed because Doe did not make a motion to proceed anonymously, and did not otherwise show a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.  (Id.).

On June 29, 2023, Doe moved to proceed anonymously.  (Motion (R. 21)). Doe argued that absent anonymity, he will be required to divulge to the public information regarding sexual activity between himself and Roe, allegations regarding STDs, text messages where Doe describes drinking alcohol and taking

drugs, and the University's determination that he committed sexual harassment. (Id. at 1–5).

On July 13, 2023, the University responded to Doe's Motion to Proceed Anonymously. (Response (R. 28)). The University argued that the Motion must be denied because Doe's purely personal interest in remaining anonymous does not outweigh "the customary and constitutionally-embedded presumption of openness in judicial proceedings." (Id. at 1).

On September 8, 2023, the district court denied Doe's Motion to Proceed Anonymously. (Order (R. 29)). The court engaged in the balancing test set forth by the Eleventh Circuit in Doe v. Frank, 951 F.2d 320 (11th Cir. 1992) and Plaintiff B v. Francis, 631 F.3d 1310 (11th Cir. 2011). (Id. at 3–9). The court concluded that no particular factor weighed in favor of granting Doe anonymity. (Id. at 5, 7–9). Indeed, the district court determined that "none of the concerns Doe raises are so highly sensitive as to outweigh 'the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" (Id. at 7 (quoting Plaintiff B, 631 F.3d at 1315)). The district court explained that divulging sexual activity between himself and Roe is not a basis for anonymity, especially because Doe alleged that the sexual encounter was consensual. (Id.). The district court, relying on Eleventh Circuit precedent, further explained that "even disclosure of sexual misconduct, when no other factors present such as minors involved or threat of

6

violence or physical harm, qualify as information of the 'utmost intimacy.'" (Id. at 7 (citing Plaintiff B, 631 F.3d at 1316)). The district court also noted that, based on the documents Doe provided, the information regarding sexually transmitted infections showed that Roe was potentially infected, not Doe, and any medical records could be protected by a protective order. (Id. at 8).

Also on September 8, 2023, the district court granted in part the University's Motion to Dismiss. (R. 30). The district court dismissed Doe's § 1983 (Count 1) and breach of contract (Count 3) claims because of the University's Eleventh Amendment immunity. (R. 30 at 6). The court also dismissed Doe's Title IX claim without prejudice because the alleged facts did not permit a reasonable inference that the University discriminated against Doe based on sex. (R. 30 at 11). The court determined that Doe's allegations of procedural insufficiencies fall short, as he had not alleged any facts to allow the court to infer that any deviation from policy was due to gender bias. (Id. at 13–14). Finally, the court instructed Doe to file any amended complaint under his real name because the court denied the Motion to Proceed Anonymously. (Id.). The court gave Doe until September 19, 2023, to file an amended complaint. (Id. at 15).

On September 19, 2023, Doe filed a notice of appeal of the Order Denying Doe's Motion to Proceed Anonymously. (R. 31). On September 20, 2023, as Doe had not filed an amended complaint by the deadline directed in the district court's

order, the district court entered an order directing Doe to show cause why this action should not be dismissed.  (R. 33).

On September 27, 2023, Doe filed an amended notice of appeal.  (R. 34).  Doe also responded to the court's order to show cause and moved to stay the case pending appeal of the Order Denying Doe's Motion to Proceed Anonymously.  (R. 36).  On September 28, 2023, the district court granted Doe's motion to stay.  (R. 38).

## III.    Statement of Facts[2]

Doe spends much of his Statement of the Case recounting the allegations in the Complaint irrelevant to this Court's determination as to whether the district court abused its discretion in denying Doe's Motion to Proceed Anonymously.  (Initial Brief at 2–6).  Indeed, Doe claims that "this case is premised on Appellant being found responsible for sexual assault–a finding he is seeking to reverse in this litigation."  (Initial Brief at 8).  The intimate details of what, in fact, occurred between Doe and the complaining student, and whether Plaintiff committed sexual harassment or misconduct are not at issue before this Court or the district court. Should Doe file an amended complaint that states a claim, the only question before

---

[2] Allegations in the Motion to Proceed Anonymously and the Complaint, which has been dismissed, are cited solely for purposes of this appeal, and should not be construed as admissions as to such allegations' truthfulness. Indeed, many of the allegations are indisputably false. Nonetheless, some of these allegations are cited herein for the purpose of this appeal.

the district court will be whether the University discriminated against Plaintiff. As such, the University provides the below allegations that were presented in Doe's Motion to Proceed Anonymously, which were the only allegations raised by Doe in support of the Motion and considered by the district court.

In support of his Motion to Proceed Anonymously, Doe identified the following allegations and documents:

> a. Information related to the explicit sexual relations between [Doe] and his on-and-off girlfriend (who is also his accuser, hereinafter referred to as "Jane Roe" or "Roe");
>
> b. Text messages between [Doe] and Roe where they speak about their sexual encounters;
>
> c. Text messages between [Doe] and Roe regarding alleged transmission of sexually transmitted infections;[3]
>
> d. Text messages describing medications Jane Roe took related to her mental health;
>
> e. Text messages between [Doe] and Roe where they both possibly admit to drinking alcohol and taking drugs on several different dates;
>
> f. Defendant's official determinations, which are currently at issue in this case; that [Doe] committed sexual harassment (which [Doe] vehemently denies).

(Motion (R. 21 at 1–2)). Doe also alleged that "[b]oth [Doe] and his accuser were both college students at the time these events occurred," and that "[Doe] has not yet

---

[3] Based on the information Doe filed, the information regarding sexually transmitted infections and mental health disorders and medications does not relate to him. (See Compl. (R. 1: Ex. B at 3)).

been subjected to any criminal investigation or proceeding related to these accusations." (Id. at 2). Doe did not submit any affidavits, declarations, or other documentary evidence in support of his Motion. Doe did not provide any other facts in support of his Motion. Doe's Complaint was not verified.

## IV. Standard of Review

This Court reviews the denial of a motion to proceed anonymously for abuse of discretion. Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). This is an "extremely limited and highly deferential" standard of review. In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007). When employing an abuse-of-discretion standard, the Court must affirm unless it "finds that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). The district court also abuses its discretion "if it fails to actually consider the circumstances of the case and to weigh the relevant factors and instead follows a blanket rule in making its final decision." Plaintiff B, 631 F.3d at 1315. But "the abuse of discretion standard allows a range of choices for the district court, so long as that choice does not constitute a clear error of judgment." Macklin v. Singletary, 24 F.3d 1307, 1311 (11th Cir. 1994) (quotation marks omitted).

Because the "standard allows a range of choice for the district court," "there will be occasions in which we affirm the district court even though we would have

gone the other way had it been our call." <u>In re Rasbury</u>, 24 F.3d 159, 168 (11th Cir. 1994) (internal quotation marks omitted). "That is how an abuse of discretion standard differs from a de novo standard of review." <u>Id.</u> "Our deferential standard respects that the district court has a better vantage point from which to make this judgment call." <u>United States v. Whatley</u>, 719 F.3d 1206, 1219 (11th Cir. 2013).

## SUMMARY OF THE ARGUMENT

This Court should affirm the Order of the district court denying Doe's Motion to Proceed Anonymously. Doe has failed to establish that the district court abused its discretion in denying his Motion. Doe did not, and has not, shown a privacy interest that warrants denying the public access to the identity of the parties to this lawsuit and the prosecution of this case by the real parties in interest. Doe did not submit any evidence or even facts to support any of the harm or threats of harm he speculates will occur if his name is revealed as required by the Federal Rules of Civil Procedure. The district court properly engaged in the balancing test set forth by this Court's well settled and binding precedent. The district court did not commit clear error or abuse its discretion in applying that test to Doe's Motion.

Doe voluntarily decided to file his Complaint in federal court, which follows Federal Rule of Civil Procedure Rule 10(a). That he chose to share irrelevant details regarding the sexual encounter or medical information concerning the complainant does not justify the exceptional and rare circumstance of a party's anonymity. This case is not unusual, extraordinary, or exceptional. Instead, it is a routine case purporting to bring a claim of discrimination, which are frequently filed in this Court. Doe has failed to meet his burden to overcome the public's legitimate, constitutionally-protected interest in the prosecution of this action and the heavy presumption in favor of openness and transparency in judicial proceedings. Indeed,

if anonymity is granted here, then it must be granted in every Title IX case. This is contrary to the Constitution, controlling precedent, and the requirement that proceedings be open.

For these reasons, FGCU respectfully requests that this Court affirm the district court's order denying Doe's Motion.

**LEGAL ARGUMENT**

I.     **The Federal Rules of Civil Procedure Permit Anonymous Litigation Only in Exceptional Cases, Which Doe Failed to Show**

Federal Rule of Civil Procedure 10(a) requires a complaint to name all the parties. Likewise, Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Accordingly, "parties to a lawsuit must identify themselves in their respective pleadings." <u>Doe v. Frank</u>, 951 F.2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." <u>Plaintiff B</u>, 631 F.3d at 1315. "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." <u>Doe v. Stegall</u>, 653 F.2d 180, 185 (5th Cir. 1981).[4] Therefore, a plaintiff may proceed under a fictitious name only in exceptional cases. <u>Frank</u>, 951 F.2d at 323; <u>see also</u> <u>Plaintiff B</u>, 631 F.3d at 1315 (quoting <u>Doe v. Smith</u>, 429 F.3d 706, 710 (7th Cir. 2005) for the proposition that it is "the defendant, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated" (alteration accepted)). There is a heavy presumption favoring

---

[4] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

openness and transparency in judicial proceedings.  See Frank, 951 F.2d at 324.  As

this Court explained:

> Lawsuits are public events. A plaintiff should be permitted to proceed
> anonymously only in those exceptional cases involving matters of a
> highly sensitive and personal nature, real danger of physical harm, or
> where the injury litigated against would be incurred as a result of the
> disclosure of the plaintiff's identity. The risk that a plaintiff may suffer
> some embarrassment is not enough.

Id.

A plaintiff may proceed anonymously if he can show "a substantial privacy

right which outweighs the customary and constitutionally-embedded presumption of

openness in judicial proceedings."   Plaintiff B, 631 F.3d at 1315–16 (quotation

marks omitted).  To determine whether the plaintiff's privacy right outweighs the

presumption of openness, the court must consider all circumstances, including, but

not limited to: (1) whether the plaintiff is challenging governmental activity; (2)

whether the plaintiff will have to "disclose information of the utmost privacy"; and

(3) whether the plaintiff will have to risk criminal prosecution by admitting his

intention to engage in illegal conduct.  Id. at 1316.  However, the presence of any

one factor is not dispositive.  Frank, 951 F.3d at 323.  Instead, courts must carefully

review all of the circumstances of a case to decide "whether the customary practice

of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."

Id.

Here, the district court properly applied Eleventh Circuit controlling precedent and did not abuse its discretion in denying Doe's Motion to Proceed Anonymously. No argument or authority presented by Doe in this appeal shows otherwise. Doe claims that "the district court applied the relevant case law in an unreasonable manner and by basing its decision on clearly erroneous facts." (Initial Brief at 10). Doe does not identify the alleged erroneous facts on which the district court relied. Indeed, Doe's Motion did not rely on facts, instead relying on generalized allegations in the Complaint, which was not verified. Doe cited no specific evidence and provided no affidavits or declarations in support of his Motion or his vague allegations. While Doe may disagree with the district court's ruling, he makes no showing that the district court made a clear error of judgment or applied the wrong legal standard, which is required to establish an abuse of discretion.

While Doe claims that the district court failed "to look to the totality of the circumstances, and instead analyz[ed] whether each fact in support of Appellant's anonymity could carry the day individually" (Initial Brief at 8, 12, 15–17), that claim is unsupported by the record and contrary to the district court's clear and detailed Order. Indeed, the district court explained that the ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. (Order (R. 29: 4)). The district court expressly

recognized that this balancing test requires the Court to consider the totality-of-the-circumstances, which it then applied.  (Id.).

The district court began its analysis with each of the three factors described in Plaintiff B, just as Doe did in his Motion, and applied those factors to this case.  (Id.; Motion (R. 21: 4–6)).  The district court addressed each argument Doe made in his Motion, and concluded that none of the factors weighed in favor of anonymity.  (Order (R. 29: 5, 8)).  Doe did not raise any other circumstances in his Motion to support his need to remain anonymous.  Thus, the district court, after acknowledging that it was reviewing the totality of the circumstances, denied Doe's Motion because no circumstances weighed in favor of anonymity.  (Id. at 4–5, 8–9)).

Even though the district court found that none of the circumstances raised in Doe's Motion weighed in favor of anonymity, Doe appears to believe that the "court did not judge the final baked product."  (Initial Brief at 16).  This belief is contrary to the express language of the Order and the court's analysis, which addressed every argument and circumstance raised by Doe.   The court engaged in the balancing test set forth by the Eleventh Circuit in Doe v. Frank, 951 F.2d 320 (11th Cir. 1992) and Plaintiff B v. Francis, 631 F.3d 1310 (11th Cir. 2011), and concluded that the totality of the circumstances did not support proceeding anonymously.  While Doe simply disagrees with this conclusion, quibbling with the district court's decision is not sufficient to establish an abuse of discretion.   The district court's order plainly

demonstrates that it did not abuse its discretion in applying the balancing test to Doe's motion.

## II. The District Court Did Not Abuse Its Discretion in Concluding that Doe Failed to State a Compelling Privacy Interest or Risk of Actual Harm to Justify the Rare Allowance of Anonymous Litigation

Doe argues that the district court incorrectly found that the three factors did not weigh in favor of anonymity. This argument is not supported by record or the applicable law.

### A. Challenging Government Activity Did Not Weigh in Favor of Anonymous Litigation

In the Initial Brief, Doe appears to argue that the district court erred because "the district court averred that Appellant's position was such that because the case was challenging a government activity, anonymity should be granted." (Initial Brief at 10). Doe seems to misunderstand the district court's ruling. In the Order, the district court explained that Doe alleged the first factor falls in his favor because the University is a state agency, and thus he claimed he is challenging government activity. (Order (R. 29: 4–5)). But the district court explained that challenging government activity alone does not establish that the first factor weighs in favor proceeding anonymously. (Id.).

Indeed, the district court's conclusion is supported by this Court's precedent. Frank, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."). Rather, the operative

principle is that a suit against a private party weighs in favor of denying a plaintiff's request for anonymity. Id. "While suing a private defendant gives more reason not to grant the plaintiffs' request for anonymity, this Court has never held that there is more reason to grant a plaintiff's anonymity if the plaintiff is suing the government." Doe #1-#14 v. Austin, No. 3:21-CV-1211-AW-HTC, 2021 WL 10395929, at *1 (N.D. Fla. Dec. 1, 2021) (internal quotations omitted); see also Stegall, 653 F.2d at 186 ("[I]n only a very few cases challenging governmental activity can anonymity be justified.").

That Doe is challenging governmental action merely means that the University may not operate under the same threat of reputational damage that private defendants face. See Frank, 951 F.2d at 324. This fact, however, does not change the public's interest in a transparent and open proceeding, which is the same regardless of whether the defendant is a private or public entity. Furthermore, as a district judge noted: "While the college is alleged to be a public college and political subdivision, it is not the 'government' in the traditional sense." Doe v. Valencia Coll., No. 615CV1800ORL40DAB, 2015 WL 13739325, at *2 (M.D. Fla. Nov. 2, 2015) (declining to permit a student to proceed anonymously in an action challenging disciplinary proceedings in which the student was sanctioned for sexual harassment and other misconduct).

Recognizing the above precedent, the district court concluded that the first factor did not weigh in favor of granting Doe's request for anonymity. (Order (R. 29: 5)). Contrary to Doe's argument, the district court did not misapply the law regarding this factor. The district court correctly explained that the simple fact that one challenges government activity does not weigh in favor of anonymity. It also noted that this is only one factor to be considered, and did not deny the motion based on this factor alone. (Order (R.29: 4-5). Doe provides no other support for his argument that the identity of the defendant supports anonymous litigation of this case.

## B. Doe Will Not Be Required to Disclose Information of the Utmost Intimacy

Doe argues that "[t]he facts of this case require Appellant to divulge personal information on very private matters. (Initial Brief at 20). Specifically, Doe claims that "we are dealing with documents that contain explicit depictions of Appellant (and Jane Roe's) sexual activity, drug use, alcohol use, potential sexually transmitted diseases, mental health disorders and medications taken to treat those disorders, and findings of responsibility for sexual assault." (Id.).[5] However, based on the Motion and the information Doe filed, the information regarding sexually transmitted

---

[5] Doe did not cite to record evidence for any of these items in his Motion (Motion (R. 21 at 5)), and does not do so in the Initial Brief.

infections and mental health disorders and medications does not relate to him. (See Compl. (R. 1: 1, Ex. B at 3)). And as explained by the district court, "to the extent there are sensitive medical records or information that becomes relevant, privacy interests can be addressed through a protective order." (Order (R. 29: 8)). Additionally, information regarding Doe's alcohol and drug use is not "information of utmost intimacy" under Eleventh Circuit precedent described below. These issues are also not relevant to the underlying case. Doe has not explained why his disclosure of medical information is necessary. Doe cannot reasonably assert a legitimate privacy interest in remaining anonymous in this lawsuit simply because he chose to inject graphic and gratuitous details about sexual activity and medical information that are not central to his claims.

1. **Disclosure of Sexual Misconduct Does Not Involve Information of the "Utmost Intimacy"**

The district court, relying on Eleventh Circuit precedent, correctly found that disclosure of sexual activity between Doe and the complaining student is not "of utmost intimacy" that outweighs the constitutionally-protected presumption of openness in judicial proceedings. (Order (R. 29: 6–9). The Eleventh Circuit has recognized that the "information of utmost intimacy" standard applies to cases with issues involving abortion, prayer, and personal religious beliefs. Plaintiff B, 631 F.3d at 1316 (citing Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001); Stegall, 653 F.2d at 186); see also Austin, 2021 WL 10395929,

at *2 ("Rather, the utmost-intimacy factor concerns cases involving issues like abortion, exploitation in child pornography, or the like."). None of these issues are implicated in this case.

The Eleventh Circuit has recognized that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" Plaintiff B, 631 F.3d at 1316 (citing Frank, 951 F.2d at 324; Doe v. Del Rio, 241 F.R.D. 154, 159–62 (S.D.N.Y. 2006) (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); Doe v. Shakur, 164 F.R.D. 359, 360–62 (S.D.N.Y. 1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous)). Indeed, in a case involving sexual assault of a plaintiff by an officer while the plaintiff was incarcerated in jail, this Court determined that disclosure of the sexual assault did not involve information of the "utmost intimacy" as the court has defined it, and affirmed the denial of the motion to proceed anonymously. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019); see also Doe v. Ocean Reef Cmty. Ass'n, No. 19-10138-CIV, 2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019) (denying motion to proceed anonymously in action asserting sexual assault, battery, and intentional infliction of emotional distress).

Consistent with such reasoning, many courts have concluded that a plaintiff is not entitled to proceed anonymously in cases involving university sexual misconduct findings.  See, e.g., Doe v. Spring Hill Coll., No. 23-00340-JB-N, 2023 U.S. Dist. LEXIS 219799, at *4 (S.D. Ala. Dec. 11, 2023) (denying motion to proceed anonymously in a Title IX action in part because disclosure of alleged sexual assault does not qualify as matter of the utmost intimacy); Doe v. Samford Univ., No. 2:21-CV-00871-ACA, 2021 WL 3403517, at *2 (N.D. Ala. July 30, 2021) (denying motion to proceed anonymously in a Title IX action where plaintiff alleged that he did not engage in sexual misconduct, but instead that the sexual encounter was consensual, and that gender bias is the reason the university found him responsible); Doe v. Valencia Coll., No. 615CV1800ORL40DAB, 2015 WL 13739325, at *1 (M.D. Fla. Nov. 2, 2015) (denying motion to proceed under a pseudonym in action challenging college disciplinary hearing with respect to allegations of physical abuse and sexual assault); see also Doe v. Weber State Univ., No. 1:20-CV-00054-TC-DAO, 2021 WL 5042849 (D. Utah Oct. 29, 2021) (denying plaintiff's motion to proceed by pseudonym in a claim under Title IX against a university where plaintiff alleged professor inappropriately touched and sexually harassed student); Doe v. Rider Univ., No. 16-4882 (BRM), 2018 WL 3756950, at *1-2, 6 (D.N.J. Aug. 7, 2018) (denying plaintiffs request to proceed under a pseudonym in a case involving allegations that the plaintiff had been found

responsible for sexual assault); <u>Doe v. Temple Univ.</u>, No. CIV.A. 14-04729, 2014 WL 4375613, at \*2 (E.D. Pa. Sept. 3, 2014) (denying the plaintiff's request to proceed under a pseudonym, holding that there "are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities," and citing several such examples); <u>F.B. v. E. Stroudsburg Univ.</u>, No. 3:09CV525, 2009 WL 2003363, at \*3 (M.D. Pa. July 7, 2009) (declining to allow the plaintiffs to proceed by pseudonym in a Title IX and civil rights action alleging that, when students, they were sexually assaulted and harassed by the former university vice president).

Doe claims that the district court abuse its discretion because it "group[ed] this case together with all other Title IX cases and summarily dismissing the specific facts and circumstances supporting this Appellant's request for anonymity." (Initial Brief at 14). As explained above, the district court, after acknowledging that it was reviewing the totality of the circumstances, addressed each argument Doe made in his Motion, and concluded that none of the factors weighed in favor of anonymity. (Order (R. 29: 5, 8)). The district court denied Doe's Motion because no circumstances weighed in favor of anonymity. (<u>Id.</u> at 4–5, 8–9)). The court properly engaged in the balancing test set forth by the Eleventh Circuit based on the facts and circumstances presented in Doe's Motion. Contrary to Doe's assertion, nowhere in the Order does the court state that Title IX cases cannot state facts to support

anonymity. Instead, using its discretion, the court simply found that Doe had not provided any basis for anonymity in this case.

Doe also claims that anonymity has been granted in recent cases involving Title IX investigations alleging sexual misconduct and improper university investigations. (Initial Brief at 18). Doe cites three non-binding cases, purportedly where courts granted a motion to proceed anonymously in a Title IX case: <u>Doe v. University of Southern Alabama</u>, No. 17-0394-CG-C, 2017 U.S. Dist. LEXIS 145587, at *8 (S.D. Ala. Sep. 8, 2017); <u>Doe v. Rollins College</u>, 6:18-cv-1069-Or1-37KRS, 2018 WL 11275374, at *3 (M.D. Fla. Oct. 2, 2018); <u>Doe v. Embry-Riddle Aeronautical University, Inc.</u>, No. 6:20-cv-1220-WWB-LRH (M.D. Fla. 2020). (Initial Brief at 18–19).

<u>University of Southern Alabama</u> is distinguishable because the motion to proceed anonymously was granted as unopposed. <u>Univ. of S. Ala.</u>, 2017 U.S. Dist. LEXIS 145587, at *7–8. Contrary to Doe's contention, the district court did not analyze any of the factors or make any determination that the harm facing the plaintiff, if he is identified, is sufficient to overcome the presumption of openness. <u>Id.</u>

Likewise, <u>Rollins</u> is also inapposite. In <u>Rollins</u>, the court did not have the benefit of subsequent Eleventh Circuit and district court decisions, such as <u>Sheely</u>, 781 F. App'x at 974 and <u>Samford Univ.</u>, 2021 WL 3403517, at *2, reaffirming that

allegations of sexual assault are not "information of utmost intimacy." Thus, the court relied on contrary opinions from courts outside the Eleventh Circuit in reaching its decision in <u>Rollins</u>, which cannot and should not be followed by this Court. <u>See</u> <u>Rollins Coll.</u>, 2018 WL 11275374, at *4 (citing <u>Doe v. Univ. of St. Thomas</u>, No. 16-cv-1127-ADM-KMM, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016)).

Finally, Doe generally cites <u>Embry-Riddle Aeronautical University</u>. (Initial Brief at 19). He does not cite a specific opinion or ruling from that case. However, a review of the docket shows that the motion to proceed anonymously was unopposed. (<u>See</u> Defendant, Embry-Riddle Aeronautical University, Inc.'s Response to Plaintiff's Motion for Leave to Proceed Anonymously (Dkt. No. 43) in <u>Doe v. Embry-Riddle Aeronautical Univ., Inc.</u>, No. 6:20-cv-1220-WWB-LRH (M.D. Fla. August 11, 2020)).

These nonbinding and distinguishable cases cannot override binding Eleventh Circuit precedent as well as the overwhelming weight of authority that allegations regarding sexual misconduct, personal fear of humiliation and embarrassment, or the threat of economic harm are insufficient reasons to allow a party to litigate anonymously. At best, these cases merely demonstrate a district court's ability to use discretion when deciding this issue, considering the particular facts of each case. The abuse of discretion standard allows a range of choices for the district court, so long as that choice does not constitute a clear error of judgment. <u>Macklin</u>, 24 F.3d at

1311.  As the foregoing demonstrates, Doe has failed to show clear error of judgment by the district court.

### 2. The Truth of the Sexual Misconduct Allegations Is Not At Issue

Further, whether Doe committed sexual misconduct was not before the district court.  (<u>See</u> Motion to Dismiss (R. 14:22–25)). Instead, the issue, should Doe file an amended complaint that can state a claim, is whether the University discriminated against Doe based on his gender.  The claim in this case (a violation of Title IX) concerns the University's disciplinary proceedings in response to the complaining student's report of alleged student-on-student sexual harassment.  The claims do not litigate what occurred between Doe and the complaining student, but instead turn on the University's actions based on the information known at the time it made its decision.   <u>Cf.</u> <u>Davis v. Monroe Cnty. Bd. of Educ.</u>, 526 U.S. 629, 648 (1999) (concluding that a university is liable under Title IX only when the university's "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.").  Therefore, the intimate details of what, in fact, occurred between Doe and the complaining student and whether Doe committed sexual harassment or misconduct are not at issue here nor before the district court.  If Doe can state a claim, the district court's consideration will be whether the University's response was clearly unreasonable in light of the known circumstances.

Accordingly, the "utmost intimacy" factor does not support anonymous litigation of this case or outweigh the heavy presumption in favor of an open proceeding.

## C. Doe Failed to Show that He Will Be Compelled to Admit His Intention to Engage in Illegal Conduct and Thus Risk Criminal Prosecution

Doe argues that the district court misstated and misapplied the law in concluding that he failed to identify a legitimate risk of criminal prosecution. (Initial Brief at 14). Doe argues that the "correct standard is when a litigant is 'compelled to admit the intent to engage in illegal conduct and risk criminal prosecution.'" (Id. at 14–15). However, this is the standard the district court identified in the Order. (Order (R. 29: 4)).

Ironically, it was Doe who misunderstood the standard in his Motion, arguing only about admissions regarding his past conduct. Doe argued in the Motion that he "will be compelled to admit to illegal conduct and risk criminal prosecution" because the University's investigation documents contained "potential admissions that both [Doe] and Jane Roe were under the influence of drugs and alcohol at various times during their relationship." (Motion (R. 21: 6)). Doe claimed that "[t]hese admissions could lead to criminal investigation and prosecution." Id. The district court, responding to Doe's arguments, concluded that his concerns regarding criminal prosecution for his past behavior years ago was not a legitimate basis for

anonymity.  (Order (R. 29: 9)).  The court did not apply an incorrect standard in reaching this determination.

In any event, Doe now argues on appeal that the risk of criminal prosecution stems from the University finding him responsible for sexual assault.[6]  (Initial Brief at 15).  As an initial matter, this argument was not raised in his Motion below, and therefore has been waived.  (<u>See</u> Motion (R. 21: 6)).  Regardless, Doe speculates that there is a risk of prosecution for sexual battery under Florida law.  (Initial Brief at 15).  Doe again misunderstands the standard.  Doe will not be compelled to admit an intent to engage in sexual battery in the future as part of this lawsuit.  Such an admission would be completely irrelevant to this matter.  Notwithstanding, Doe does not allege that Roe has made a criminal complaint.  Doe also does not allege that criminal charges are forthcoming for the past conduct.  Thus, the "criminal prosecution" factor does not weigh in favor of restricting public access in this proceeding.

### D.    The Public, the Court, and the University and Its Employees Are Prejudiced by Anonymous Litigation

Doe argues that the University "will suffer no prejudice whatsoever if Appellant is allowed to proceed anonymously."  (Initial Brief at 22).  Doe argues

---

[6] Notably, the University found Doe responsible for sexual harassment, not sexual assault. (Compl. (R. 1: 47)).

that because the University is aware of his identity, there is no actual or potential threat of unfairness to the University or advantage to Doe by allowing him to proceed anonymously to trial. (Id.). Doe's argument ignores the risk of unfairness to the opposing party in anonymous litigation, even when the defendant knows the plaintiff's identity. Fundamental fairness suggests that defendants are prejudiced when required to defend themselves publicly while plaintiffs make accusations from behind a cloak of anonymity. See Rapp v. Fowler, 537 F. Supp. 3d 521, 530–32 (S.D.N.Y. 2021). "[A]nonymity provides a shield behind which defamatory charges may be launched without shame or liability." Doe v. Smith, 429 F.3d 706, 710 (7th Cir. 2005).

More importantly, Doe ignores altogether the impact to the public and the transparency of the judiciary by allowing him to use a fictitious identity. Indeed, given that this is a routine case alleging discrimination and there are no exceptional circumstances present, such a ruling serves to substantially harm the public by denying public access to this proceeding and similar cases alleging discrimination as a matter of course. Neither the judiciary nor the public's interest are served when judicial proceedings are cloaked in secrecy. (See, e.g., Middle District Local Rule 1.11, which recognizes the compelling circumstances are needed to seal proceedings from the public).

Doe has publicly accused the University of discrimination—including individual employees of the University named in the Complaint. The University and these individuals have had their names placed in the public domain, but do not have the option of proceeding anonymously. Doe seeks to fill the public record anonymously with his version of the facts, including conclusory allegations of discrimination against administrators identified by name, which could harm their reputations even after Doe's allegations are shown to be meritless. While doing so, Doe wants to remain cloaked in anonymity solely for his personal reasons and benefit. Allowing Doe to proceed anonymously would also substantially harm the public and its constitutional right of access. Courts only abide such harm in exceptional circumstances, and Doe has not shown that this is one of those special cases.

### E. No Other Circumstances Support Anonymous Litigation

In addition to the factors addressed above, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Plaintiff B, 631 F.3d at 1316. For example, this Court has also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Id. (citations omitted). In his

Motion, Doe did not address any of these factors. Doe is not a minor and was not a minor at the time of the allegations in the Complaint. Doe has not alleged that he has been threatened with violence or physical harm.

Doe now claims that revealing his identity would subject him to "harassment, social stigma, embarrassment, economic impairment, and retaliation." (Initial brief at 18). In his Motion, Doe did not provide argument or evidence that he would face "social stigma," harassment, or retaliation if his name was revealed. Indeed, these are not even mentioned in the Motion. (See Motion (R. 21)). Because these arguments were not raised below with the district court, they are waived.

Regardless, resting on its own, this conclusory statement carries no weight. Doe still cites no specific evidence nor provided any affidavits or declarations in support of these vague allegations. See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) (approving of the district court's rejection of allegation that plaintiff would face bodily harm where plaintiff presented no evidence to support the allegation).

In the Initial Brief, Doe contends that the district court incorrectly concluded that social stigma is not enough in Title IX cases to allow a litigant to proceed anonymously and that "[r]ecent Eleventh Circuit precedent has held to the contrary." (Initial Brief at 12). In other words, Doe contends that the district court failed to follow this Court precedent. However, there is no support for this assertion. First,

Doe takes the district court's conclusion of context. The district court was not making a finding as it relates to all or a type of case, but rather correctly summarized the holding of the cases it cited. (Order (R. 29): 6-7). The statement "in these cases" referred to the four previous decisions that the district court cited. (Order (R. 29: 4, 6-7). The district court accurately recognized that stigma was not enough in those cases cited to overcome the presumption of openness. (Order (R. 39:4, 6–7)). It did not conclude that social stigma is never enough.

Further, to support Doe's assertion that "[r]ecent Eleventh Circuit precedent has held to the contrary," he cites <u>Doe v. Neverson</u>, 820 F. App'x 984 (11th Cir. 2020) and contends that <u>Neverson</u> presents "identical facts as the instant case." (Initial Brief at 12, 14). <u>Neverson</u>, however, is not at all identical or even similar to Doe's case. The plaintiff in <u>Neverson</u> presented specific evidence of the stigma she faced if her name was revealed. <u>Neverson</u>, 820 F. App'x at 988. Specifically, she submitted a declaration in support of her claim, showing that she came from a strict religious family, and as such, the "very nature of her allegations would be sufficient to bring harm to [herself] and shame to her family under the cultural/religious traditions that her family practices." <u>Id.</u> The plaintiff also submitted evidence of website postings about her lawsuit specifically threatening and harassing her. <u>Id.</u> Here, unlike the plaintiff in <u>Neverson</u>, Doe did not submit a declaration or any evidence that he would actually face "social stigma" or any other harm as a

result of revealing his identity.  Even if Doe had not waived this argument that was not raised in his Motion, <u>Neverson</u> is far from a case "involving identical facts as the instant case" as Doe claims.  (Initial Brief at 14).

Moreover, this belated assertion of "social stigma," as presented by Doe, could be made in any discrimination case, which, if sufficient, would warrant concealing a large part of the district court's docket from the public.  Doe simply failed to present facts or evidence to show that the purported stigma in this case was something more than fear of personal embarrassment.

Instead of establishing exceptional circumstances, Doe's concerns are simply a fear of personal embarrassment, and his argument does not and cannot outweigh the public's interest.  Courts have routinely said that anonymity "has not been permitted when only the plaintiff's economic or professional concerns are involved." <u>Nat'l Commodity & Barter Ass'n v. Gibbs</u>, 886 F.2d 1240, 1245 (10th Cir. 1989). Such generalized assertions of fear do not outweigh the customary and constitutionally-protected presumption of openness in judicial proceedings.  <u>See Frank</u>, 951 F.2d at 323–24; <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011); <u>Qualls v. Rumsfeld</u>, 228 F.R.D. 8, 12 (D.D.C. 2005).  Where a plaintiff seeks an economic benefit from the suit—a dollar recovery from a statutory cause of action—there is even less justification for allowing a plaintiff to proceed anonymously. <u>See, e.g.</u>, <u>Harapeti v. CBS Television Stations, Inc.</u>, No. 20-CV-20961, 2021 WL 1341524, at

*3 (S.D. Fla. Apr. 9, 2021) (citing <u>Luckett v. Beaudet</u>, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998)). As the district court correctly noted, "This just is not one of those 'exceptional cases' that warrant such treatment." (Order (R. 29: 9)).

Doe cites two non-binding cases from outside the Eleventh Circuit for the proposition that "Courts recognize that the harm of identifying young college students accused of sexual misconduct can support anonymity." (Initial Brief at 19). However, both of those cases dealt with criminal history or misconduct associated with criminal behavior. (<u>Id.</u>). As stated above, there is no risk of criminal prosecution and no criminal history at issue.

Further, Doe argues that courts have factored the age and status of the plaintiff when weighing the harm, and that the district court failed to consider those factors. (Initial Brief at 20). Doe cites <u>Doe v. Stegall</u>, 653 F.2d 180 (5th Cir. 1981) in support. However, the plaintiffs in <u>Stegall</u> were middle school students, not adults in college. <u>Id.</u> at 186 ("A final factor we find especially persuasive is the fact that plaintiffs are children."). Doe has not presented any argument or evidence that his age raised special concerns in this case. Doe cites no authority for the proposition that young adults should be granted a special exemption from the presumption of openness in judicial proceedings.

Apparently recognizing the lack of facts and evidence in support of his Motion, Doe now argues on appeal that the harm he faces is not speculative, citing

a law review article as proof of the harm he will face.  (Initial Brief at 9, 21–22 (citing Eugene Volokh, The Law of Pseudonymous Litigation, 73:5 Hastings Law Journal 1353, 1358 (2022)).  As an initial matter, the argument was not presented to the district court and cannot be a basis for finding that the district court abused its discretion.  See Doe v. Sheely, 781 F. App'x 972, 974 (11th Cir. 2019) ("On appeal, Doe says she may suffer psychological harm. But she did not present that argument or any evidence supporting it to the district court, and we cannot say the district court abused its discretion for failing to consider an argument the plaintiff never made."). Regardless, a law review article is not evidence that Doe will suffer any harm. According to Doe, the article states that "court records are more visible than ever, including to casual Internet searchers," and that "Googling people's names will often find many of the cases in which they have participated." (Initial Brief at 21–22). Doe's speculation that his name might be connected to this lawsuit by hypothetical internet searches is not a basis for anonymity.  The same could be said for every lawsuit filed.  Again, Doe's concern is merely a fear of personal embarrassment, which is insufficient to overcome the constitutionally-protected presumption of openness in judicial proceedings.

This lawsuit is a public event.  Doe voluntarily decided to file his Complaint in federal court, which follows Federal Rule of Civil Procedure Rule 10(a).  Doe has

not shown that this case is one that justifies the exceptional and rare circumstance of a party's anonymity.

**F.    Doe Waived Any Argument Regarding the Protection of Roe as a Basis for Proceeding Anonymously**

Finally, Doe claims that revealing his name will subject Jane Roe, his accuser, to harm.  (Initial Brief at 23).  Doe did not raise this argument in his Motion before the district court, and therefore waived this argument.  Additionally, Roe has not sought to intervene nor was there any motion filed with respect to Roe.  The district court expressly found that it was not deciding any issue with respect to Roe.  (Order (R. 29: 9–10)).  The district court did not require the disclosure of Roe's identity (a nonparty), but only required Doe who elected to file this lawsuit to proceed in his real name as required by the Constitution and the Federal Rules of Civil Procedure.

## CONCLUSION

For all the foregoing reasons, this Court should affirm the district court's denial of Doe's Motion to Proceed Anonymously.

## CERTIFICATE OF TYPE SIZE AND STYLE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in fourteen-point font of Times New Roman.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Fed.R.Civ.P. 32(a)(7)(B). This brief contains 9,710 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Dated this <u>15th</u> day of February, 2024.

Respectfully submitted,

<u>*s/Sacha Dyson*</u>
Sacha Dyson
Florida Bar No. 509191
Kevin M. Sullivan
Florida Bar No. 1003812
Bush Graziano Rice & Hearing, P.A.
100 South Ashley Drive, Suite 1400
Tampa, Florida 33602
TEL: (813) 228-7000
FAX: (813) 273-0091
Primary emails: sdyson@bgrhlaw.com;
ksullivan@bgrhlaw.com
Secondary emails: mmcleod@bgrhlaw.com;
awhiteside@bgrhlaw.com
Attorneys for Appellee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>15th</u> day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Nicholas J. Castellano, II
BUCKMAN & BUCKMAN, P.A.
2023 Constitution Blvd.
Sarasota, Florida 34231
nick@buckmanandbuckman.com

Kevin M. Griffith
MCINTOSH LAW
766 Hudson Ave., Suite B
Sarasota, Florida 34236
kgriffith@mcintoshlaw.biz

Attorneys for Plaintiff/Appellant

I FURTHER CERTIFY that and an original and four copies of the foregoing were transmitted to the Clerk, Eleventh Circuit, U.S. Court of Appeals, 56 Forsyth Street N.W., Atlanta, GA 30303, 404-335-6100, via Federal Express overnight delivery.

<u>***s/Sacha Dyson***</u>
Attorney